IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY,**<br>1949 E. Sunshine<br>Springfield, Missouri 65899<br><br>Plaintiff,<br><br>-vs-<br><br>**MICHAEL WILLIAMSON, II.**<br>2018 Township Road<br>196 N.E.<br>Crooksville, Ohio 43731-9525<br><br>and<br><br>**FIRST HOTEL MANAGEMENT, LLC**<br>3010 Hayden Road<br>Columbus, Ohio 43725<br><br>and<br><br>**HALLE'S 5 RESTAURANTS, LLC**<br>411 Wolfs Ledges Parkway<br>Suite 201<br>Akron, Ohio 44311<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Now comes Plaintiff American National Property and Casualty Company ("ANPAC"), by and through undersigned counsel, and for its complaint avers as follows:

## NATURE OF ACTION

1. ANPAC brings this action to obtain a declaration that it has no obligation to provide coverage to Michael R. Williamson, II. ("Williamson") for allegations asserted against him that he is liable for causing a fire that damaged a Days Inn and Suites hotel on August 9, 2018. Williamson is

1

not an insured under a farm package policy and an umbrella policy issued to Gary Lee Allen because he did not live in the same home as Mr. Allen. Rather, he lived at a separate address with his wife who was also Mr. Allen's daughter. Because Williamson is not an insured under the ANPAC Policies, ANPAC has no obligation to provide him with coverage for the allegations asserted against him. Additionally, ANPAC is not obligated to provide him coverage as he has failed to promptly provide ANPAC with notice of this loss or the fact that he had been sued for it.

## PARTIES

2. ANPAC is a property and casualty insurance company incorporated in the State of Missouri and with its principal place of business in Springfield, Missouri. ANPAC is an admitted insurance company authorized to sell insurance in the State of Ohio.

3. Williamson is a citizen of the State of Ohio and currently resides at 2018 Township Road 196 NE, Crooksville, Ohio 43731-9525.

4. First Hotel Management, LLC ("First Hotel") is an Ohio corporation with a principal place of business located at 3010 Hayden Road, Columbus, Ohio 43235.

5. Halle's 5 Restaurants, LLC ("Halle's") is an Ohio corporation with its principal place of business located at 411 Wolf Ledges Parkway, Suite 201, Akron, Ohio 44311.

6. First Hotel owned a Days Inn and Suites located at 2100 Rice Road, Reynoldsburg, Ohio 43068 ("Days Inn"). Halle's owned and/or operated a restaurant in the lobby of the Days Inn.

7. First Hotel and Halle's are named as parties pursuant to *Heintzelman v. Air Experts, Inc.*, 126 Ohio St.3d 139, 931 N.E.2d 548 (2010) so that they are bound by any determination made by this Court regarding ANPAC's duties and obligations to Mr. Williamson, if any.

## JURISDICTION AND VENUE

8. Jurisdiction is appropriate in this Court under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000 plus interest and costs.

9. Venue is appropriate in this Court under 28 U.S.C. § 1391 because Williamson resides in Crooksville, Ohio. Further, First Ohio has its principal place of business in Columbus, Ohio and its Days Inn which gives rise to this dispute is located in Reynoldsburg, Ohio.

## FIRST HOTEL AND HALLE'S SUE WILLIAMSON FOR FIRE DAMAGE ALLEGEDLY CAUSED BY WILLIAMSON'S NEGLIGENCE

10. On March 8, 2019, First Hotel and Halle's filed a complaint against Williamson in the Franklin County Court of Common Pleas bearing case number 19CV002047 ("Franklin County Action"). A true and accurate copy of the Franklin County Action is attached hereto as Exhibit "A."

11. First Hotel and Halle's allege that Williamson was a registered guest at the Days Inn on August 9, 2018. Franklin County Action, Complaint, ¶ 4. They further allege that Williamson extinguished a cigarette in a mulch bed at the hotel which caused a fire. *Id.*, ¶¶ 5, 6.

12. They further allege that Williamson is liable to them for his negligence in carelessly using and/or disposing of his cigarette. *Id.*, ¶ 9.

13. They have claimed damages in the approximate amount of $2,500,000. *Id.*, ¶ 13.

14. ANPAC is providing Mr. Williamson with a defense to the allegations asserted against him in the Franklin County Action pursuant to a reservation of rights.

## RELEVANT TERMS AND CONDITIONS OF THE ANPAC POLICIES
## ANPAC FARM POLICY

15. Effective March 20, 2018 to March 20, 2019, ANPAC issued a special farm package "number 10" policy bearing policy number 3401G2057 to Gary Lee Allen ("Farm Policy"). A true and accurate copy of the Farm Policy is attached hereto as Exhibit "B."

3

16. The Coverage Selection page of the Farm Policy identifies the name and mailing address of the first named insured as:

   a. Gary Lee Allen
      1577 Township Road 196 N.E.
      Crooksville, Ohio 43741

17. The Coverage Selection page identifies the insured as "an individual."

18. The Farm Policy provides a schedule of residences and household contents as well as a scheduled building and building contents. These forms identified two resident locations. The first location is identified as 1577 Township Road, Crooksville, Ohio ("1577 Township Road"). The second location is identified as 1355 Township Road, Crooksville, Ohio ("1355 Township Road").

19. One of the coverages provided in the Farm Policy is liability coverage with an each occurrence limit of $1,000,000. More specifically, the Farm Policy contains a schedule of liability declaration page that identifies personal liability coverage extending to Deborah and Gary Allen.

20. The Liability Coverage form provides that ANPAC will provide coverage for a claim or a suit against an insured for property damage caused by an occurrence to which the coverage applies:

   **DIVISION V – LIABILITY**

   WE provide coverage under Section A – BODILY INJURY/PROPERTY DAMAGE, if a claim is made or a SUIT is brought against an INSURED for damages because of BODILY INJURY or PROPERTY DAMAGE caused by an OCCURRENCE that takes place in the COVERAGE TERRITORY and to which this coverage applies.
   \* \* \*
   We have a right and duty to defend the INSURED against any SUIT seeking damages for BODILY INJURY or PROPERTY DAMAGE to which this insurance applies.

21. Significantly, an insured is defined to include relatives of Gary Allen who reside in a residence where Gary Allen resides:

4

> The following terms have the special meanings described below, and when used in the defined manner, the terms appear in the policy as shown here, in all capitalized letters.
>
> * * *
>
> INSURED
>
> a. If the named INSURED on the coverage selection page is an individual, then INSURED means YOU, the named individual, EMPLOYEES while acting within the scope of their employment for YOU, and the following individuals who reside in a RESIDENCE where the named INSURED who is listed on the coverage selection page resides:
>
>   1) YOUR spouse;
>
>   2) relatives of YOU or YOUR spouse; and
>
>   3) persons under age twenty-one (21) in YOUR care or in the care of YOUR resident relatives.

22. Residence is defined to mean "a 1-4 family dwelling or 1-family mobile home, but does not include any part used for business PURPOSES." *Id.* at pg. 8 of 13. Similarly, a residence premises is defined as meaning a "1-4 family dwelling or a 1-family mobile home and its grounds." *Id.*

23. The Farm Policy liability coverage provides numerous exclusions of particular interest, the Farm Policy excludes coverage for property damage to property rented to the insured covered by fire:

> SECTION A – BODILY INJURY/PROPERTY DAMAGE does not apply to:
>
> * * *
>
> 7. PROPERTY DAMAGE to property used by, rented to or in the care, custody or control of any INSURED or as to which an INSURED or his EMPLOYEES exercise physical control for any purpose.
>
> However, coverages provided for:
>
> a. PROPERTY DAMAGE caused by fire, smoke or explosion to RESIDENCE PREMISES or furnishings for which YOU are legally liable and which are in YOUR care, custody or control;

5

b.  PROPERTY DAMAGE, other than damage caused by fire, smoke or explosion, to buildings, locations or premises, including the contents of said buildings, locations or premises, for which YOU are legally liable and that are rented to YOU for a period of ten (10) or fewer consecutive days.

### ANPAC UMBRELLA LIABILITY POLICY

24. Effective March 20, 2018 to March 20, 2019, ANPAC issued an umbrella liability policy to Gary L. Allen bearing policy number 3401B0308 ("Umbrella Policy"). A true and accurate copy of the Umbrella Policy is attached hereto as Exhibit "C."

25. The Umbrella Policy provides liability coverage with an each occurrence limit of $2,000,000 and a $1,000 self-insured retention.

26. The Umbrella Policy provides that ANPAC will pay on behalf of an insured the ultimate net loss in excess of the retained limit to which the insurance applies:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a.  We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of the "underlying insurance" have been exhausted.

27. Who is an insured under the Umbrella Policy is defined as Gary Allen as well as relatives of Gary Allen who are residents of his household:

   D.  **SECTION II – WHO IS AN INSURED** Paragraph is revised as follows:

6

    **1.** **SECTION II – WHO IS AN INSURED**
Paragraph 1.a. through 1.b.(1) is replaced by the following:

        1. Except for liability arising our of the ownership, maintenance or use of "covered autos":

            a. If you are designed in the Declarations as:

                (1) An individual, you, the named individual, and the following residents of your household are insureds:

                    (a). your spouse,

                    (b). relatives of you and your spouse; and

                    (c). persons under age twenty-one (21) in your care or in the care of your resident relatives.

28. The Policy also contains an exclusion for damage to property owned, rented or occupied:

    **m.** **Damage To Property**

        "Property damage" to:

            (1) Property:

                (a) You own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property[.]

### WILLIAMSON WAS NOT LIVING IN THE SAME HOME AS GARY ALLEN AT THE TIME OF THE FIRE

29. Upon information and belief, at the time of the fire on August 9, 2018, Williamson was married to Michelle Allen, daughter of the ANPAC named insured Gary Lee Allen.

30. Upon information and belief, Williamson was residing at 1355 Township Road.

31. Gary Lee Allen lives at 1577 Township Road. Upon information and belief, 1577 Township Road is located across the street from 1355 Township Road.

32. Upon information and belief, Gary Lee Allen owns both 1577 Township Road and 1355 Township Road.

33. Gary Allen has never lived at 1355 Township Road with his daughter or Williamson.

34. Williamson has never lived at 1577 Township Road with Gary Allen.

35. Williamson was never an employee of Gary Allen's farm and Gary Allen never paid Mr. Williamson for doing any work around the farm.

36. Despite the Franklin County Action being filed against Mr. Williamson on March 8, 2019, and despite him being served with the summons and complaint on March 20, 2019, Mr. Williamson never sent a copy of the complaint to ANPAC nor requested coverage for the allegations asserted against him from ANPAC.

### COUNT I
### DECLARATORY JUDGMENT
### FAILURE OF CONDITION PRECEDENT TO COVERAGE

37. ANPAC incorporates each and every averment contained within paragraphs 1 through 36 of its complaint for declaratory judgment as if fully rewritten herein.

38. Under the ANPAC Policies, ANPAC requires that an insured notify ANPAC as soon as possible of an occurrence and a notice, demand or summons relating to the occurrence.

39. Williamson has failed to comply with the notice conditions contained within the ANPAC Policy by not reporting the occurrence or the service of the Franklin County Action upon him to ANPAC. Further, Williamson has not requested that ANPAC provide him with coverage for the claims asserted against him in the Franklin County Action.

40. ANPAC has been prejudiced as a result of Williamson's failures.

41. ANPAC is entitled to a declaration that it is not obligated to provide coverage under the ANPAC Policies for the allegations asserted against Williamson in the Franklin County Action.

42. ANPAC is entitled to a declaration that First Hotel and Halle's are bound by this Court's determination of coverage.

## COUNT II
## DECLARATORY JUDGMENT WILLIAMSON IS NOT AN INSURED UNDER THE FARM POLICY

43. ANPAC incorporates each and every averment contained within paragraphs 1 through 42 of its complaint for declaratory judgment as if fully rewritten herein.

44. In order to constitute an insured under the Farm Policy, Williamson would have to demonstrate that he resided in a residence where the named insured listed on the Coverage Selection page resides.

45. The Farm Policy identifies the named insured as Gary Allen and Mr. Allen's residence as 1577 Township Road.

46. Mr. Williamson did not reside at 1577 Township Road, but rather at 1355 Township Road.

47. Consequently, Williamson is not an insured under the Farm Policy.

48. ANPAC is entitled to a declaration that it is not obligated to provide coverage to Williamson for the allegations asserted against him in the Franklin County Court Action under the Farm Policy.

9

49. ANPAC is entitled to a declaration that First Hotel and Halle's are bound by this Court's determination of coverage.

## COUNT III
## DECLARATORY JUDGMENT WILLIAMSON IS NOT AN INSURED UNDER THE UMBRELLA POLICY

50. ANPAC incorporates each and every averment contained within paragraphs 1 through 49 of its complaint for declaratory judgment as if fully rewritten.

51. In order to constitute an insured under the Umbrella Policy, Williamson would have to demonstrate that he is a resident of Mr. Allen's household. Williamson did not live with Mr. Allen or dwell under Mr. Allen's roof.

52. Consequently, Williamson is not an insured under the Umbrella Policy.

53. ANPAC is entitled to a declaration that it is not obligated to provide coverage to and for the allegations asserted against him in the Franklin County Action under the Umbrella Policy.

54. ANPAC is entitled to a declaration that First Hotel and Halle's are bound by this Court's determination of coverage.

## COUNT IV
## DECLARATORY JUDGMENT COVERAGE FOR THE CLAIMS AGAINST WILLIAMSON IN THE FRANKLIN COUNTY ACTION ARE EXCLUDED UNDER THE ANPAC POLICIES

55. ANPAC incorporates each and every averment contained within paragraphs 1 through 54 of its complaint for declaratory judgment as if fully rewritten.

56. The ANPAC Policies exclude from coverage property damage to property rented to an insured and caused by fire, as well as damage to property rented by an insured.

57. The damage sought in the Franklin County Action constitutes property damage to property rented to Williamson caused by a fire and/or damage to property rented or occupied by Williamson.

58.     Consequently, damages sought from Williamson in the Franklin County Action are excluded under the Farm Policy and Umbrella Policy.

59.     ANPAC is entitled to a declaration that it is not obligated to provide coverage to Williamson for the allegations asserted against him in the Franklin County Action under the Farm Policy or Umbrella Policy.

60.     ANPAC is entitled to a declaration that First Hotel and Halle's are bound by this Court's determination of coverage.

WHEREFORE, ANPAC requests the following relief:

1. A declaration that Williamson has failed to satisfy conditions precedent to coverage under the ANPAC Policies and, as such, is not entitled to coverage for the allegations asserted against him in the Franklin County Action.

2. A declaration that Williamson is not an insured under the Farm Policy and, as such, ANPAC is not obligated to defend or indemnify Williamson for the allegations asserted against him in the Franklin County Action.

3. A declaration that Williamson is not an insured under the Umbrella Policy and, as such, ANPAC is not obligated to defend or indemnify Williamson for the allegations asserted against him in the Franklin County Action.

4. ANPAC is entitled to a declaration that the claims asserted against Williamson in the Franklin County Action are excluded from coverage under the ANPAC Policy.

5. ANPAC is entitled to reimbursement for the costs it incurred defending Williamson for the allegations asserted against him in the Franklin County Action.

6. ANPAC is entitled to a declaration that First Hotel and Halle's are bound by this Court's coverage determination.

7. ANPAC is entitled to any other relief in law or equity that this Court deems just and appropriate.

11

Respectfully submitted,

*[signature]*

BRIAN D. SULLIVAN (0063536)
Reminger Co., L.P.A.
101 Prospect Avenue, Suite 1400
Cleveland, Ohio 44115-1093
Phone: 216-687-1311
Fax: 216-687-1841
Email: bsullivan@reminger.com


Matthew L. Schrader (0074230)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, OH 43215
Phone: 614-232-2631
Fax: 614-232-2410
Email: mschrader@reminger.com


*Attorneys for Plaintiff ANPAC*