**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **AMERICAN NATIONAL PROPERTY &** : <br> **CASUALTY COMPANY,** : <br> : **Case No. 2:20-cv-00539-ALM-EPD** <br> **Plaintiff,** : <br> : **CHIEF JUDGE ALGENON L. MARBLEY** <br> **v.** : <br> : **MAGISTRATE JUDGE DEAVERS** <br> **MICHAEL WILLIAMSON, II,** *et al.*, : <br> : <br> **Defendants.** : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff American National Property & Casualty Company's ("ANPAC") Motion for Default Judgment. (ECF No. 28). For the following reasons, Plaintiff's Motion is **DENIED without prejudice.**

## I. BACKGROUND

Plaintiff ANPAC filed this lawsuit on January 31, 2020 to seek a declaratory judgment that it has no obligation to provide coverage to Defendant Michael R. Williamson, II if he is found to be liable for causing fire damage to a Days Inn and Suites hotel on August 9, 2018. (ECF No. 1). On March 14, 2020, First Hotel Management, LLC and Halle's 5 Restaurants, LLC ("Answering Defendants"), the other two defendants named alongside Williamson in the Complaint, filed their answer and affirmative defenses to ANPAC's Complaint. (ECF No. 3). On May 7, 2020, Magistrate Judge Deavers issued an Order to Show Cause to Plaintiff as to why its claims against Williamson should not be dismissed and why an extension of time to effect service should be permitted, as Plaintiff's counsel did not properly execute service on Williamson within the prescribed time period. (ECF No. 12). On May 22, 2020, Magistrate Judge Deavers found that

1

Plaintiff ANPAC demonstrated good cause for a failure timely to effect service over Williamson and granted an additional 30 days for ANPAC to effect service. (ECF No. 18).

On June 29, 2020, Magistrate Judge Deavers issued an Order to Show Cause to Plaintiff as to why the claims against Defendant Williamson should not be dismissed for want of prosecution, as Williamson had failed to file a responsive pleading or answer and Plaintiff had not applied for and obtained entry of default from the Clerk pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 22). On July 13, 2020, ANPAC requested an entry of default by the Clerk against Defendant Williamson. (ECF No. 25). On July 14, 2020, the Clerk entered default against Williamson. (ECF No. 26). On July 22, 2020, Plaintiff filed this Motion for Default Judgment against Defendant Williamson. (ECF No. 28). ANPAC argues that default judgment is appropriate, even for a declaratory judgment action, and seeks to reimburse its costs incurred in defending Williamson in a related state court action. (*Id.* at 5–6). Answering Defendants filed a Response in Opposition, arguing that a default judgment is inappropriate in a case where other defendants remain, actively defending against the Complaint, and a declaratory judgment could create inconsistent verdicts. (ECF No. 29 at 3–4). Defendant Williamson filed no response.

## II.    LAW & ANALYSIS

Federal Rule of Civil Procedure 55(b)(2) permits that a court may, in its discretion, enter a default judgment following the entry of default by the Clerk. Rule 55(b) also permits a court, if necessary, to conduct hearings or make a referral to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter to enter or effectuate judgment. The Sixth Circuit has held that a court should take into account the following factors when considering whether to enter a default judgment: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of

money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). There exists a "strong preference for trials on the merits in the federal courts." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).

In its Motion for Default Judgment, Plaintiff ANPAC argues that a default judgment against Defendant Williamson, who has failed to plead or otherwise defend against the Complaint after service was perfected, is appropriate. (ECF No. 28 at 5). In support of its Motion, ANPAC cites several cases wherein a default judgment was entered in a suit for declaratory judgment, including *Hartford Accident & Indemnity Co. v. Smeck*, 78 F.R.D. 537 (E.D. Pa. 1978), or where a default judgment was granted in an action where an insurance company sought a declaration that an individual was not insured under the policy. 78 F.R.D. at 541. In response, Answering Defendants counter that they have a vested interest in opposing a declaration that ANPAC does not owe a duty to defend or indemnify Defendant Williamson because they will be "bound by any determination made by this Court in their underlying suit against Mr. Williamson" in the Franklin County Court of Common Pleas. (ECF No. 29 at 1–2). The Answering Defendants also argue that it is inappropriate to enter a default judgment in a multi-party declaratory action where a judgment against one defendant would bind all defendants and where other parties are still defending against the action. (*Id.* at 4–5). They submit that the appropriate course of action in such a case is for the court to withhold granting a default judgment against the defaulting defendant until the trial on the merits against the remaining defendants. (*Id.* at 5).

The Sixth Circuit has put forth that, in a multi-defendant case where default is entered against a single defendant, "the preferred practice is for the court to withhold granting a default

3

judgment until the trial of the action on the merits against the remaining defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, at *3 (6th Cir. 1988) (per curiam). If the plaintiff then loses on the merits, the complaint should be dismissed against both defaulting and non-defaulting defendants. *Id.* The *Kimberly* court relied on *Frow v. De La Vega*, 82 U.S. 552 (1872), in which the Supreme Court explained that by entering a final decree against one defendant on the merits, while other defendants remained in the case, "absurdity might follow" in that inconsistent verdicts could ultimately be reached as to the remaining parties. 82 U.S. at 554. The *Frow* rule, however, is a narrow one that is applicable when the liability of the defendants is joint. *Kimberly*, 857 F.2d at *3.

While the current case is not necessarily one of joint and several liability, the logic underpinning the Court's decision in *Frow* is just as relevant in a case where a default declaratory judgment is sought against one defendant while other defendants remain in ongoing litigation. *See Hunter v. Shield*, No. 2:18-cv-1097, 2019 WL 6463450 (S.D. Ohio Dec. 2, 2019) (finding *Frow* rule applicable in multi-defendant action that had yet to be resolved on the merits). The rationale of the *Frow* rule—avoiding inconsistent judgments—is equally relevant here. *See, e.g.*, *Sharp (Oakwood Estates), Inc. v. Nat'l Condo & Apartment Ins. Grp.*, No. 1:12-CV-783, 2013 WL 12130355, at *1 (S.D. Ohio Mar. 19, 2013) (citing 10A Wright, et al., *Federal Practice & Procedure* § 2690 (3rd ed. 2012)). A court following the *Frow* rule will withhold granting a default judgment until the trial on the merits against the remaining defendants, but the defaulting defendant will lose its right to participate in the case. *Sharp*, 2013 WL 12130355, at *1; *see also ArmorSource LLC v. Kapah*, No. 2:18-cv-905, 2019 WL 1039748, at *2 (S.D. Ohio Mar. 5, 2019); *Alig-Mielcarek v. Jackson*, No. 2:11–cv–00255, 2013 WL 6000975, at *1 (S.D. Ohio Nov. 12, 2013).

4

Rule 55(b)(2) gives courts discretion to determine whether default judgment is appropriate against a party. The *Frow* rule and precedents of this Court both counsel that entry of a default judgment against one defendant in a multi-defendant case, where the remaining defendants are contesting the suit on the merits, should be withheld until the trial on the merits against the remaining defendants is concluded. In *Liberty Mutual Insurance Co. v. Petit*, No. 2:09-CV-111, 2009 WL 3241670 (S.D. Ohio Oct. 1, 2009), this Court has found this to be the proper procedure in a declaratory judgment action concerning insurance coverage, noting that a default judgment "could impair the rights of the other defendants who are not in default." 2009 WL 3241670, at *2. The principal case relied upon by Plaintiff, *Hartford Accident & Indemnity Co. v. Smeck*, does show an example of a court granting default judgment in favor of an insurance company in a declaratory judgment action, wherein the insurance company sought a declaration that the Defendant was not covered by the policy. However, *Smeck* did not concern a multi-defendant action with other defendants actively contesting the declaratory judgment action, and so its usefulness here is limited. Accordingly, this Court found that delaying a default judgment was necessary to "avoid logically inconsistent judgments in multi-defendant cases." *Id.*

Upon consideration of the factors set forth in *Russell v. City of Farmington Hills*, 34 F. App'x 196 (6th Cir. 2002), this Court finds that the factors do not weigh in favor of entering a default judgment at this point. The Plaintiff has not raised any arguments that it will suffer from possible prejudice if the default judgment is not entered and the Sixth Circuit has found that "delay alone is not sufficient basis for establishing prejudice." *Bethelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (quoting *INVST Fin. Grp., Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). The Answering Defendants are actively litigating the merits of ANPAC's declaratory judgment claim, which means that assessing the merits of ANPAC's claims would be premature.

5

ANPAC's complaint and the attached policies are sufficient. While it is an action for a declaratory judgment, there is undoubtedly money at stake for both sides in the underlying state court action, though no parties have raised it in this action. In answering the Complaint, Answering Defendants have pointed out errors in the Complaint and do dispute some material facts, chief among them whether Defendant Williamson is insured under the policies at issue. (ECF No. 3 at 1). At this time, no party has raised the issue of whether the default was due to excusable neglect, as the only party with that information—Mr. Williamson—is the one against whom the default is being sought and he has not responded to the pending motion. Finally, there is a preference for trials on the merits in federal courts, which weighs against the entry of a default declaratory judgment that would be binding on the remaining parties who seek to litigate the merits of the action. On balance, the *Russell* factors and this Court's precedents all counsel in favor of this Court declining to exercise its discretion to enter a default judgment under Rule 55(b)(2) at this juncture.

### III.    CONCLUSION

For these reasons, Plaintiff's Motion for Default Judgment against Defendant Michael R. Williamson, II (ECF No. 19) is **DENIED without prejudice.** Defendant Williamson remains in default and may not participate in the continued litigation of this case. Plaintiff may re-file a motion for default judgment against Defendant Williamson, after the conclusion of the trial on the merits against the Answering Defendants.


**IT IS SO ORDERED.**

                                          ___s/ Algenon L. Marbley_____
                                          **ALGENON L. MARBLEY**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  November 30, 2020**


6